IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| **LAYLA KUNKLE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action, Case No.:  5:20-cv-200-TBR |
| | ) | |
| **TRIGG COUNTY FISCAL COURT; JASON BARNES,** *individually and in his capacity as Trigg County Sheriff*; **DOUG LATHAM,** *individually and in his official capacity*; **MICHAEL PARKER,** *individually and in his official capacity*; **MAJOR JIMMY GODAIR,** *individually and in his official capacity*; **JEFF ARENA,** *individually and in his official capacity*; **TRIGG COUNTY BOARD OF EDUCATION;** and **JAMES MANGELS,** *individually and in his official capacity.* | ) ) ) ) ) ) ) ) ) ) ) ) | **JURY DEMAND** |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Layla Kunkle, by and through her undersigned counsel, and, for her Complaint, states as follows:

### NATURE OF THE COMPLAINT

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky brought for sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; for denial of substantive due process in violation of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983 by deprivation of the right to bodily integrity and deliberate indifference to the consequences of hiring and failing to adequately train and/or supervise individuals who were unfit to serve as a

police officers; for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution via 42 U.S.C. § 1983 by imposition of terms and conditions on a female not required of males; and for Kentucky common law claims of negligence, assault, battery, and intentional infliction of emotional distress.

## THE PARTIES

2. Plaintiff Layla Kunkle was, at all relevant times, a female high school senior residing in Trigg County, Kentucky.

3. Defendant Trigg County Fiscal Court is the governing body of Trigg County, Kentucky, which is a political subdivision of the Commonwealth of Kentucky. Defendant Trigg County Fiscal Court's agent for service of process is Trigg County Judge Executive Hollis L. Alexander, who may be served at P.O. Box 672, Cadiz, KY 42211.

4. Defendant Jason Barnes was, at all relevant times, the elected Sheriff of Trigg County, Kentucky. Defendant Barnes may be served at 426 Paradise Road, Gracey, KY 42232.

5. Defendant Doug Latham was, at all relevant times, an employee of the Cadiz Police Department. Defendant Latham may be served at 39 Goldenrod Drive, Cadiz, Kentucky 42211-8094.

6. Defendant Michael Parker was, at all relevant times, an employee of the Trigg County Sheriff's Department. Defendant Parker may be served at 68 Hendron Circle, Cadiz, Kentucky 42211-9630.

7. Defendant Major Jimmy Godair was, at all relevant times, an employee of the Trigg County Sheriff's Department. Defendant Godair may be served at 279 Second Street, Cadiz, Kentucky 42211-9172.

8. Defendant Jeff Arena was, at all relevant times, an employee of the Trigg County Sheriff's Department. Defendant Arena may be served at 130 Gail Street, Oak Grove, Kentucky 42262-9138.

9. Defendant Trigg County Board of Education is a local school board authorized under the laws of the Commonwealth of Kentucky. Defendant Board of Education's principal place of business is located at 202 Main Street, Cadiz, KY 42211. Its registered agent for service of process is Superintendent Bill Thorpe, who may be served at 202 Main Street, Cadiz, KY 42211.

10. Defendant James Mangels was, at all relevant times, the Director of Personnel and Student Services for the Trigg County school system. Defendant Mangels may be served at 203 Main Street, Cadiz, KY 42211.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over Ms. Kunkle's claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983 because they raise federal questions pursuant to 28 U.S.C. § 1331. The Court also has supplemental jurisdiction over Ms. Kunkle's state-law claims pursuant to 28 U.S.C. § 1367(a).

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts giving rise to this lawsuit occurred in Trigg County, Kentucky, which is located within this judicial district.

## FACTUAL BACKGROUND

13. Defendant Trigg County Fiscal Court is responsible for providing for the safety of its citizens by, in part, maintaining a Sheriff's Department.

14. Defendant Barnes was an experienced police officer who was elected Trigg County Sheriff in 2018.

15. In his capacity as Trigg County Sheriff, Defendant Barnes was responsible for setting policy for the Trigg County Sheriff's Department in association with Defendant Trigg County Fiscal Court, for training officers, for overseeing the Sheriff's Department and the actions of its officers, and for ensuring the Department and its officers acted in a lawful, ethical manner.

16. Defendant Board of Education operates a public-school system within Trigg County, Kentucky, which includes Trigg County High School.

17. Ms. Kunkle was a senior at Trigg County High School during the 2019 – 2020 academic year.

18. Defendant Board of Education offers a "Senior Directed Experience" program in which selected students have nontraditional schedules for their senior years in which they are not physically present at the school but, instead, take their classes online while participating in an internship program as both career training and part of a research project.

19. Ms. Kunkle has an interest in a career in law enforcement and was accepted into the Senior Directed Experience for an internship with the Trigg County Sheriff's Department.

20. Once accepted into the program, Ms. Kunkle worked fulltime as an intern at the Trigg County Sheriff's Department under the immediate direction and oversight of Defendant Barnes in his capacity as Trigg County Sheriff and the other police officers and staff members employed at the Sheriff's Department, including Defendants Parker, Arena, and Godair.

21. Defendant Barnes in his capacity as Trigg County Sheriff and Defendants Parker, Arena, and Godair were, in turn, subject to oversight and guidance by Defendant Trigg County Fiscal Court and its policies and procedures.

22. Defendant Trigg County Board of Education and Defendant Mangels also oversaw Ms. Kunkle while she worked at the Sheriff's Department, setting the terms and conditions of the program, approving the program, tracking her classwork, and requiring her to attend frequent meetings and to submit reports regarding her intern work.

23. Defendants Trigg County Board of Education and Defendant Mangels reviewed Ms. Kunkle's proposal to perform her internship at the Sheriff's Department but they did not communicate with the Sheriff's Department regarding acceptable conduct or provide any training or procedures to employees of the Sheriff's Department regarding permissible interactions with Ms. Kunkle.

24. Ms. Kunkle was seventeen years old when she began her internship at the Sheriff's Department.

25. When she started the internship, Ms. Kunkle mostly worked in the office helping with tax payments and, when that was done, Ms. Kunkle rode along with Animal Control Officer Tori Davis, whom she began to see as an older sister figure.

26. Everything went well during that phase of Ms. Kunkle's internship, but Animal Control Officer Davis vaguely warned Ms. Kunkle that she would be treated differently and subjected to sexual advances when she turned eighteen.

27. Ms. Kunkle did soon turn eighteen and, as Officer Davis predicted, the environment rapidly changed with Ms. Kunkle becoming the target of sexual advances.

28. The sexual advances began with flirtatious comments in the office and on the ride alongs she was allowed – and encouraged – to take with the male officers after she turned eighteen.

29. Shortly after Ms. Kunkle's eighteenth birthday, Defendant Barnes made a sexual come on toward her about which Ms. Kunkle told Animal Control Officer Davis.

5

30. Rather than responding appropriately to the incident, however, Officer Davis only told Defendant Barnes that Ms. Kunkle had told her, leading Defendant Barnes to reiterate to Ms. Kunkle that she could not tell anyone about what happened during her internship.

31. The sexual come ons continued and soon escalated to messaging apps, such as Snap Chat.

32. Upon information and belief, Defendants Barnes, Parker, Arena, and Godair communicated regarding Ms. Kunkle and their intentions to lure her into sexual encounters, even including Defendant Latham in their communications though he worked for the Cadiz Police Department instead of the Trigg County Sheriff's Department.

33. Defendant Latham initially messaged Ms. Kunkle, but his message was soon followed by messages from Defendants Barnes, Parker, Arena, and Godair.

34. Those law enforcement Defendants did not merely send random messages aggressively asking for sexual favors but, instead, they messaged her after hours following their regular daily work communications with her, mixing work and flirtatious personal communications toward her in an effort at grooming Ms. Kunkle to let down her guard.

35. On one evening after this period of grooming, Defendant Barnes messaged Ms. Kunkle and invited her to his home where he provided her with a drink he mixed containing strawberry rum that quickly caused her to become very intoxicated.

36. Once she was intoxicated, Defendant Barnes had sex with Ms. Kunkle in his living room, after which she passed out on his couch until later in the evening when he asked if she wanted to sleep in the bedroom and had to help her as she held onto the wall to be able to walk.

37. Ms. Kunkle passed out again in Defendant Barnes' bed, waking up as he got in bed and began having sex with her again before stopping, saying he could not do it anymore because his wife normally slept in that location.

38. Ms. Kunkle awoke again when Defendant Barnes' alarm clock went off very early in the morning and he told her she needed to leave before his neighbors would be awake to see her and telling her they would "do it again sometime" as she stumbled out the door.

39. As Ms. Kunkle's memory began to return over time and she tried to understand what had happened that night, Defendant Barnes falsely denied that they had sex, but he continued to make advances toward her, including on an occasion when they were interviewing a prospective court security officer and he asked if she wanted to go have sex during the lunch break, but she was able to decline and join the rest of the group for lunch.

40. Upon information and belief, Defendant Barnes told the other law enforcement Defendants that Ms. Kunkle could be persuaded into sexual relations, leading the others to increase their communications with and advances toward her.

41. Defendant Latham pressed in his continued messages to Ms. Kunkle that they meet and, when they did, he made advances toward her until she agreed to have sex with him.

42. Similarly, Defendant Parker continued messaging Ms. Kunkle, eventually suggesting that they meet at which time he made advances toward her until she agreed to have sex with him.

43. Ms. Kunkle was instructed to take ride-alongs at night with Defendants Arena and Godair, allowing them access to her in a private setting in addition to the persistent private messaging.

44. Defendant Godair, upon information and belief, previously had been dismissed from the Kentucky State Police due to sexual misconduct but was nevertheless employed by Defendant Barnes in his capacity as Trigg County Sheriff and the Trigg County Fiscal Court.

45. During ride-alongs, afforded private access to Ms. Kunkle, Defendant Godair took Ms. Kunkle to secluded locations and had sex with her twice.

46. Also during ride-alongs in which Defendant Arena had private access to Ms. Kunkle, Defendant Arena took Ms. Kunkle to secluded locations and had sex with her twice.

47. Ms. Kunkle had not wanted to have sex with any of these individuals but was lured in, groomed, and pressured such that she allowed it to happen.

48. The individual Defendants all were aware of Ms. Kunkle's status as a high school student working at the Sheriff's Department as part of an academic program.

49. Defendants Trigg County Fiscal Court, Jason Barnes in his capacity as Trigg County Sheriff, Trigg County Board of Education, and Mangels failed to provide adequate policies, training, and supervision to protect Ms. Kunkle from being taken advantage of upon reaching age eighteen while participating in a high school educational program.

50. Ms. Kunkle suffered significant emotional pain and trauma as a result of Defendants' violations of her rights.

51. As a direct, foreseeable, and proximate result of Defendants' wrongful actions, Ms. Kunkle has suffered pecuniary losses in the form of medical expenses as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### SEX DISCRIMINATION IN VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

**(Defendants Trigg County Board of Education, Mangels, and Barnes, in his official capacity as Trigg County Sheriff)**

52. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 51.

53. Defendant Trigg County Board of Education operates a school district that received federal funds during the 2019 – 2020 academic year.

54. Ms. Kunkle's internship program with the Trigg County Sheriff's Department was an educational program.

55. Defendants Mangels and Barnes, in his official capacity as Trigg County Sheriff, were the agents of Defendant Board of Education for purposes of administering Ms. Kunkle's internship program.

56. Ms. Kunkle was subjected to persistent sexual advances and sexual contact in the course of the educational program that was so severe, pervasive, and objectively offensive that it deprived her of the educational benefit of the intern program.

57. Defendants Board of Education, Mangels, and Barnes, in his official capacity as Trigg County Sheriff, were aware that the educational program was being used for the sexual exploitation of Ms. Kunkle but failed to take any remedial action.

58. Defendants Board of Education, Mangels, and Barnes, in his official capacity as Trigg County Sheriff, were deliberately indifferent to the sexual harassment inflicted on Ms. Kunkle, failing to take any action to stop the persistent sexual advances toward her, thereby

creating an intimidating, hostile, offensive, and abusive environment and causing her to lose an educational benefit in violation of Title IX.

59. Ms. Kunkle suffered damages as a result of the conduct of Defendants Board of Education, Mangels, and Barnes, in his official capacity as Trigg County Sheriff.

## COUNT II

### FAILURE TO TRAIN OR SUPERVISE IN VIOLATION OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

**(Defendants Trigg County Board of Education,
Mangels, Trigg County Fiscal Court, and Barnes,
in his official capacity as Trigg County Sheriff)**

60. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 59.

61. Even if they could have been unaware of the sexual misconduct committed by other individuals, Defendants Trigg County Board of Education, Mangels, Trigg County Fiscal Court, and Barnes, in his official capacity as Trigg County Sheriff, knew their procedures and supervision were inadequate and were likely to result in a violation of constitutional rights.

62. Ms. Kunkle had well-established rights to participate in an educational activity and to function in a workplace without persistent sexual advances and acquiescing to those advances as a condition of the position.

63. Defendants Trigg County Board of Education, Mangels, Trigg County Fiscal Court, and Barnes, in his official capacity as Trigg County Sheriff, provided no training regarding the obligation of those participating in Ms. Kunkle's intern program to refrain from sexual advances toward Ms. Kunkle.

64. Defendants Trigg County Board of Education and Mangels permitted Defendant Barnes, in his official capacity as Trigg County Sheriff, to run the intern program in any manner he chose, including participating in and permitting sexual imposition on Ms. Kunkle.

65. Defendant Barnes, in his official capacity as Trigg County Sheriff, authorized, encouraged, and approved of the individual Defendants engaging in sexual misconduct with Ms. Kunkle in violation of her constitutional rights.

66. The training regarding the rights of female students serving as interns provided by Defendants Trigg County Fiscal Court and Barnes, in his official capacity as Trigg County Sheriff, was either absent or so grossly negligent that future misconduct was almost inevitable.

67. Ms. Kunkle suffered damages as a result of the conduct of Defendants Trigg County Board of Education, Mangels, Trigg County Fiscal Court, and Barnes, in his official capacity as Trigg County Sheriff.

## COUNT III

### DENIAL OF RIGHT TO BODILY INTEGRITY IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

**(Defendants Trigg County Fiscal Court, Barnes, individually and in his official capacity as Trigg County Sheriff, Latham, Parker, Arena, and Godair)**

68. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 67.

69. Ms. Kunkle had well-established rights to personal security and to bodily integrity, including the right to be free from sexual abuse, pursuant to the Due Process Clause of the Fourteenth Amendment, including by those acting as authority figures in an educational program.

70. Ms. Kunkle placed herself in one-on-one situations with Defendants Barnes, Latham, Parker, Arena, and Godair because of the trust she had in them as police officers and as representatives of the school internship program in which she was engaged.

71. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair used their access to Ms. Kunkle by virtue of their station as police officers and representatives of the school internship program to groom her for and to engage in sexual harassment of and sexual contact with her.

72. Defendants Trigg County Fiscal Court and Barnes, in his official capacity as Trigg County Sheriff, had a policy or custom permitting police officers to engage in unconstitutional sexual advances toward Ms. Kunkle.

73. Defendants Trigg County Fiscal Court and Barnes, in his official capacity as Trigg County Sheriff, knew or should have known of the deprivation of Ms. Kunkle's right to bodily integrity committed by Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair.

74. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair were deliberately indifferent to Ms. Kunkle's rights by engaging in unconstitutional sexual advances toward her on multiple occasions.

75. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair could not have carried out their unconstitutional conduct without the authority of their office as police officers.

76. Defendant Barnes, in his official capacity as Trigg County Sheriff, authorized, encouraged, and approved of the other Defendants engaging in sexual misconduct with Ms. Kunkle in violation of her constitutional rights.

77. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair had a duty to protect Ms. Kunkle from any unlawful harm but, instead, they used their stations to deprive Ms. Kunkle of her rights while Defendants Trigg County Fiscal Court and Barnes, in his official capacity as Trigg County Sheriff failed to act to protect her.

78. Ms. Kunkle suffered damages as a result of the conduct of Defendants Trigg County Fiscal Court, Barnes, individually and in his official capacity, Latham, Parker, Arena, and Godair.

## COUNT IV

**SEX DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983**

**(Defendants Trigg County Fiscal Court, Barnes, individually and in his official capacity as Trigg County Sheriff, Latham, Parker, Arena, and Godair)**

79. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 78.

80. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair subjected Ms. Kunkle to severe and pervasive sexual advances and sexual contact as a condition of working in the Sheriff's Department from which Defendants Trigg County Fiscal Court and Barnes, in his official capacity as Trigg County Sheriff, provided her no protection.

81. The sexual advances and sexual contact occurred because Ms. Kunkle was a female.

82. Defendants did not require male interns or employees to endure sexual harassment or contact as a condition of their employment or internships.

83. Defendants' conduct, therefore, was because of Ms. Kunkle's sex.

84. Ms. Kunkle suffered damages as a result of the conduct of Defendants Trigg County Fiscal Court, Barnes, individually and in his official capacity, Latham, Parker, Arena, and Godair.

## COUNT V

## NEGLIGENT FAILURE TO PROTECT MS. KUNKLE

### (Defendants Trigg County Board of Education and Mangels)

85. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 84.

86. Defendants Trigg County Board of Education and Mangels had a ministerial duty to implement policies and oversight to maintain the safety of their students.

87. It was foreseeable that a high school student sent into an adult workplace and permitted to be in one-on-one situations at the order of the individuals in that setting could be subject to harm.

88. Defendants Trigg County Board of Education and Mangels, however, failed to implement proper policies or otherwise to take any action to protect Ms. Kunkle from harm.

89. Ms. Kunkle suffered damages as a result of the conduct of Defendants Trigg County Board of Education and Mangels.

## COUNT VI

## ASSAULT AND BATTERY

### (Defendants Barnes, individually, Latham, Parker, Arena, and Godair)

90. Ms. Kunkle realleges and incorporates herein the allegations contained in Paragraphs 1 – 89.

90. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair attempted to physically touch Ms. Kunkle in way that made her reasonably fear harm.

91. Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair did, in fact, physically touch Ms. Kunkle in way that caused her harm.

92. Ms. Kunkle suffered damages as a result of the conduct of Defendants Barnes, in his individual capacity, Latham, Parker, Arena, and Godair.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Kunkle respectfully prays as follows:

1. That Defendants be served and required to answer within the time prescribed by law;

2. That a jury of eight try this cause;

3. That, upon the trial of this matter, Ms. Kunkle be awarded judgment for damages of the cost of medical and mental health treatment incurred by Ms. Kunkle from the date of Defendants' illegal actions, in an amount to be proven at trial;

4. That Ms. Kunkle be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

5. That the Court award Ms. Kunkle punitive damages;

6. That costs and attorneys' fees be assessed against Defendants pursuant to 42 U.S.C. § 1988 pursuant to Counts I – IV, jointly and severally;

7. That costs and discretionary costs be taxed against Defendants, jointly and severally;

8. That pre-Judgment and post-Judgment interest be assessed against Defendants, jointly and severally, as provided by law;

9. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

10. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

  /s D. Wes Sullenger             
D. Wes Sullenger, KY BAR # 91861
               TN BPR # 021714
               IL ARDC # 6322019

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY 42003
Voice: (270) 443-9401

wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Layla Kunkle*